UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JACLYN ALFONSO,

Plaintiff,

vs.

BRINKER FLORIDA, INC., d/b/a ROMANO's MACARONI GRILL,

Defendant.
_______________________________/

CASE NO. 01-0456 CIV-GRAHAM

Magistrate Judge

MAGISTRATE JUDGE TURNOFF

**COMPLAINT**

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "Act"), on behalf of herself and other similarly situated current and former employees of Defendant (hereinafter referred to as the "Employer") for minimum wage violations.

## A. INTRODUCTION TO "TIP CREDIT" VIOLATIONS

2. Plaintiff worked for the Employer in Miami-Dade County, Florida. Plaintiff, and those similarly situated to Plaintiff, is a covered employee for purposes of the Act. From January 2, 2001 through and including this date, Plaintiff works and worked for the Employer in the tipped position of "Server."

3. The other similarly situated current and former tipped employees (hereinafter referred to as the "Tipped Employees") of the Employer who may become plaintiffs in this case have the following characteristics:

a. The Employer paid them a reduced gross hourly wage of $2.13 per hour pursuant to §3(m) of the Act and during their week long "training sessions," Servers are paid the minimum wage







of $5.25 per hour;

b. They experienced the same pay practices and policies as Plaintiff with respect to uniform and job accessory costs resulting in their hourly wages being reduced below $2.13 per hour or $5.25 per hour while in training (see Exhibit 1);

c. They experienced the same pay practices and policies as Plaintiff with respect to bad credit card charges being assessed against them personally resulting in their hourly wages being reduced below $2.13 per hour or $5.25 per hour while in training;

d. The Employer required that they perform non-tipped work doing jobs unrelated to their tipped work at $2.13 per hour (e.g., vacuuming and cleaning bathrooms); and

e. They were not given adequate notice of the tip credit provisions of the Act (see Exhibit 2).

## B. THE EMPLOYER

4. The Employer has the same policies and practices for all of its 50+ restaurants located in South Florida and across the Unites States and are incorporated in its Employee Handbook and Operations Handbook. See Exhibits 1 and 2. As such, for this action, the Tipped Employees who may become plaintiffs in this case worked or work in all of the Employer's restaurants across the county.

5. The Employer is corporation doing business in Miami-Dade County, Florida and within the jurisdiction of this Court.

## C. VENUE & JURISDICTION

6. This action is brought by Plaintiff and those similarly situated to her to recover from the Employer compensation for the Employer's minimum wage violations, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under

the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206 and 216(b).

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

8. The Employer is, and at all times pertinent to this Complaint, was engaged in interstate commerce.

9. At all times pertinent to this Complaint, the Employer operates as a restaurant chain with operations in various states whereby it markets itself across state lines, it obtains products from other states, many of its customers are tourists from other states, the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its hourly employees, like Plaintiff and the other Tipped Employees, who dealt with such customers and/or out of state products on a daily basis. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, or otherwise satisfies the Act's revenue requirements.

10. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

11. The additional Tipped Employees who may become Plaintiffs in this action are non-exempt tipped employees and/or former

employees of the Employer who are or who were subject to the payroll practices and procedures described in ¶¶ 13, 14 and 15 below and who are or were employed in the position of Tipped Employees by the Employer.

## D. PLAINTIFF'S EMPLOYMENT

12. From January 2001 until the date that the Complaint was filed, Plaintiff worked for the Employer as a Server and was paid the gross hourly rate of $2.13 per hour except during her week long training class where she was paid the minimum wage of $5.25 per hour.

13. As a tipped employee, the Employer was required to pay Plaintiff and the other Tipped Employees no less than $2.13 per hour pursuant to §3(m) of the Act or $5.25 per hour while in training.

14. By reason of such employment with the Employer, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff was directly essential to the those interstate activities described herein and in ¶9 above, which was directly essential to the business performed by the Employer. Plaintiff, by virtue of her job duties and functions as described above, was engaged in commerce.

15. At all times material hereto, the Employer failed to comply with §3(m) of the Act, Title 29 U.S.C. §§201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff and those similarly situated to her, the Tipped Employees, actually received less than $2.13 per hour for the following reasons:

a. The Employer had and has a practice and/or policy of requiring its Tipped Employees, including Plaintiff, to buy their own work uniforms (e.g., ties, black dress shoes, black work pants, white button-down shirts, apron) and job accessories (e.g., pens and lighters) without any reimbursement for the purchase costs or allowance for the purchase costs resulting in their hourly wages being reduced below $2.13 per hour and/or $5.25 while in training;

b. The Employer had and has a practice and/or policy of requiring its Tipped Employees, including Plaintiff, to maintain their work uniforms without any reimbursement for the maintenance costs or allowance for the maintenance costs. Such maintenance includes, but is not limited to, requiring that the uniforms be dry cleaned, pressed, and repaired (see Exhibit 1);

c. The Employer had and has a practice and/or policy of requiring its Tipped Employees, including Plaintiff, to pay it back in cash for any bad credit card receipts;

d. The Employer failed to give Plaintiff and the Tipped Employees adequate notice of the tip credit required by §3(m) of the Act (see Exhibit 2); and

e. The Employer's record keeping practices fail to abide by the Act's requirements.

16. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

COUNT I
RECOVERY OF MINIMUM WAGE VIOLATIONS
AGAINST THE EMPLOYER

17. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-16 above.

18. As a result of the Employer's acts as described at ¶15 above, Plaintiff's and the Tipped Employees' hourly wages were reduced below $2.13 per hour, or $5.25 per hour while in training, in violation of the Act and/or the Employer violated the Act's tip

notice and record keeping requirements.

19. Plaintiff and those similarly situated to her are entitled to be paid at least the amount of $2.13 per hour, or $5.25 per hour while in training, while they are doing tipped work.

20. As a result of the Employer's acts as described at ¶19 above, Plaintiff's and the Tipped Employees' hourly wages were below the applicable minimum wage when they were performing non-tipped work in violation of the Act.

21. Plaintiff and those similarly situated to her are entitled to be paid at least the amount of $5.25 per hour while they are doing non-tipped work.

22. The Employer knew and/or showed reckless disregard of the provisions of the Act concerning the payment of hourly wages to Plaintiff and the Tipped Employees in accordance with the Act.

23. By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiff and the Tipped Employees have suffered damages plus incurring costs and reasonable attorneys' fees. As a result of the Employer's willful disregard of the Act, Plaintiff and the Tipped Employees are entitled to liquidated damages.

24. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff and the Tipped Employees who have or will opt-in to this action demand judgment against the Employer for payment of all of their hours worked at the applicable minimum wage, reimbursement for all of their work related costs and expenses, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including pre-judgment interest.

Respectfully submitted,

LAWRENCE J. McGUINNESS, P.A.
Co-counsel for Plaintiff
255 University Dr.
Coral Gables, FL 33134
Tel (305) 461-9196
Fax (305) 461-8642

By: ______________________
LAWRENCE J. McGUINNESS
Fla. Bar No. 814611

and

JORGE DIAZ-CUETO, ESQ.
Co-counsel for Plaintiff
169 E. Flagler St., Suite 1527
Miami, Fl 33131
Tel (305) 381-9188
Fax (305) 381-9194

**UNIFORM STANDARDS:** WHITE BUTTON DOWN OXFORD STYLE SHIRT. BLACK PANTS, BELT, SOCKS, AND SHOES. BRIGHT AND COLORFUL TIE. WHITE APPRON. MEN ARE NOT ALLOWED TO WEAR EARRINGS. WOMEN'S EARRINGS ARE TO BE NOLARGER THAN A QUARTER. NO FAVILA HAIR AND LONG HAIR IS TO BE PULLED BACK. THREE CLICK TYPE PENS, LIGHTER, $30.00 BANK AND WINE KEY ARE PART OF THE BUILDING IN FULL UNIFORM. ALL EMPLOYEES ARE REQUIRED TO ENTER AND LEAVE THE BUILDING IN FULL UNIFORM, PLEASE DO NOT DRESS IN THE PARKING LOT.

**TESTING:** YOU ARE REQUIRED TO PASS WRITTEN TESTS DURING DEVELOPMENT. PASSING IS A SCORE OF 90%. IF YOU ARE UNABLE TO PASS A TEST ONE RETAKE MAY BE SCHEDULED.

**TARDINESS ABCENSE:** IF YOU ARE GOING TO BE LATE OR UNABLE TO REPORT TO WORK YOU ARE REQUIRED TO CALL THE RESTAURANT AND INFORM A MANAGER. DO NOT LEAVE A MESSAGE WITH ANYONE ELSE. PLEASE GIVE MANAGEMENT AS MUCH WARNING AS POSSIBLE OF YOUR IMPENDING TARDINESS OR ABSENTEEISM SO THAT THEY MAY HAVE AMPLE TIME TO MAKE ANY ARRANGEMENTS NECESSARY. YOU MAY BE REQUIRED TO FIND A REPLACEMENT FOR YOURSELF. IF YOU ARE SICK YOU MAY BE REQUIRED TO HAVE A DOCTOR'S EXCUSE TO RETURN TO WORK.

**OTHER:**

- NO READING MATERIAL, BACKPACKS, BAGS, PACKAGES OR PERSONAL ARTICLES SHOULD BE BROUGHT INTO THE RESTAURANT.
- SITTING WITH THE GUESTS IS NOT ALLOWED WHILE AN EMPLOYEE IS ON DUTY.
- NO DISCUSSING TIPS.
- GUESTS SUSPECTED OF "WALKING A CHECK" ARE TO BE APPROACHED BY THE MANAGER ONLY. HANDLE ALL GUESTS COMPLAINTS IMMEDIATELY AND NOTIFY A MANAGER.
- IF AT ANY TIME A MANAGER DETERMINES THAT YOUR APPEARANCE, HEALTH, HYGIENE OR ACCESSORIES ARE UNACCPTABLE, YOU MAY BE SENT HOME. CONTINUED FAILURE TO COMPLY WITH DRESS OR GROOMING REQUIREMENTS MAY RESULT IN TERMINATION.

EXHIBIT 1

**TIP CREDIT AND ALLOCATION POLICY**



To comply with an industry wide Tip Reporting Agreement that Brinker is a signatory on (the TRAC Agreement), tips received from guests must be reported nightly during the closing process. As employees sign off the Brinker system at the unit, a Special Screen will appear displaying the amount of credit card sales and tips the employee has made during the night. The Screen will also allow the employee to enter Cash Tips received and to enter any tips given by employees to other employees ("tip outs").

Tip information is then relayed to the Brinker Payroll Department which calculates the appropriate amount of payroll taxes due on the tipped income. Reported Tip income is also counted toward the legal minimum wage, unless the state you work in prohibits this practice.

If the amount of Tip income reported by *all employees at a restaurant* is less than 8% of the *restaurant's sales* for the year, and if you reported less than 8% in tips for your sales for the year, Brinker will be required to report your sales as 8% for the year under Internal Revenue Service (IRS) guidelines. If Brinker is forced to make such an allocation, Brinker will be unable to withhold taxes on this additional income and thus you should be aware that you may owe additional tax when filing your tax return.

[Revised 2/1/97]

**CREDIT CARD HANDLING**



Credit Cards are only to be used for sales in the normal conduct of business. Credit Cards cannot be used for:

**Refunding all or a portion of tip amount** - Employees are not permitted to refund cash on credit card transactions, including refunding all or a portion of the tip amount.



**Converting cash sales in to credit sales** - Employees are not permitted to use any credit card (your own or anyone else's) to close a ticket previously paid for in cash by a guest.

**Cash Advances** - Employees are not permitted to use any credit card (your own or anyone else's) for the purpose of receiving or giving a cash advance.

Violation of these guidelines could result in suspension or immediate termination.

Any employee that is knowingly using a credit card that is lost, stolen, or used without the consent of the cardholder shall be terminated and prosecuted. Credit card fraud is a felony offense regardless of amount.

[Revised 7/15/96]



JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 01-0456

CIV-GRAHAM

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JACLYN ALFONSO

**DEFENDANTS**
BRINKER FLORIDA, INC. d/b/a ROMANO'S MACARONI

MAGISTRATE JUDGE TURNOFF

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

M-dade | 01cv 456 | Graham | Turnoff

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
LAWRENCE J. McGuinness, P.A., 255 University Dr.
Coral Gables FL 33134 (305) 461-9196

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

A CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

A REAL PROPERTY
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

A TORTS

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

A CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

PRISONER PETITIONS
- B☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

FORFEITURE/PENALTY
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

A LABOR
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

A BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

A PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

B SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS - Third Party 26 USC 7609

A OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. §201 et seq. ("FLSA")

LENGTH OF TRIAL
via 4 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ N/A
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions) IF ANY N/A
JUDGE
DOCKET NUMBER

DATE 2/5/01
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 836?? AMOUNT 150.00 APPLYING IFP 2/6/1 JUDGE MAG. JUDGE